UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

ARI RAMZAN,

        Plaintiff,               Case No. 2:18-cv-219

v.                                       Honorable Gordon J. Quist

TIM HARES et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

    I.    <u>Factual allegations</u>

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the G. Robert Cotton Correctional Facility (JCF), in Jackson, Jackson County,

Michigan.[1]  The events about which he complains, however, occurred at the Baraga Correctional Facility (AMF) in Baraga, Baraga County, Michigan.  Plaintiff sues the following AMF officials: Sergeant Tim Hares (a/k/a Joe Roose-Harris); Correctional Officers Matthew Morgan, Paul Perry, Michael Niemela, and John Bennick; and Hearing Officer Thomas Mohrman.  Plaintiff also sues Baraga County Circuit Judge Garfield Hood and Court Reporter/Clerk Erin Burnett.

The allegations in Plaintiff's complaint are somewhat vague.  He principally complains about his 2005 convictions on three counts of assault of a prison employee, Mich. Comp. Laws § 750.197c(1), for which he served a total of 11 years' imprisonment on consecutive sentences of 2 to 6 years.  Plaintiff has now been discharged from those sentences.  The convictions arose out of conduct that occurred on January 19, 2004.

Plaintiff's complaint is not a model of clarity.  He principally contends that Defendant Judge Hood convicted him on falsified and perjured evidence.  Specifically, Plaintiff asserts that Defendant Hood relied upon a video of the incident that showed a black man with two hands, not Plaintiff, who is a white man with a left arm that has been amputated below the elbow. Plaintiff also alleges that Defendant Burnett produced pretrial and trial transcripts that were missing pages.  In addition, Plaintiff argues that unspecified Defendants obstructed justice by suppressing the correct video, falsifying the reports arising from three investigations, and committing perjury.

---

[1] At the time he filed his complaint, Plaintiff was detained at the Washtenaw County Jail awaiting a judgment of conviction on a charge of assault with intent to commit great bodily harm less than murder, Mich. Comp. Laws § 750.84.  According to the MDOC's electronic Offender Tracking Information System (OTIS), of which the Court takes judicial notice, Plaintiff pleaded nolo contendere and was sentenced on that offense on November 26, 2018.  *See* http://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=260705 (last visited on Jan. 30, 2019).  Also according to OTIS, Plaintiff is now incarcerated with the MDOC at the G. Robert Cotton Correctional Facility. Despite Plaintiff's obligation to keep the Court apprised of his address, *see* W.D.Mich. LCivR 41.1 (providing that "failure to keep the Court apprised of a current address shall be grounds for dismissal for want of prosecution"), the Court has addressed the complaint on the merits and directs the Clerk to mail the opinion and judgment to Plaintiff at the address shown on OTIS.

In another set of allegations, Plaintiff alleges that Defendant Hares and three other officers assaulted him without reason on January 4, 2004, in retaliation for Plaintiff having filed a lawsuit against Hares. The lawsuit purportedly claimed that Hares had participated in a gang rape of Plaintiff on July 18, 2000. Plaintiff contends that Hares escaped prosecution for the rape by using an alias, either Joe Roose-Hares or Tim Harris. For evidence of his claim, Plaintiff refers the Court to the MDOC's repository for video and critical incident reports and to Defendant Mohrman's misconduct reports.

Although his complaint is not entirely clear, Plaintiff appears to allege that his criminal prosecution for assault on prison employees was undertaken by Hares and other Defendants in retaliation for Plaintiff's lawsuit. Plaintiff contends that he was subjected to malicious prosecution and that his trial was a fraud. He also alleges that he was unable to bring his present claims while he remained incarcerated on the offenses.

Plaintiff seeks to have his 2005 convictions overturned. He also seeks more than $6 million in damages for his wrongful 11-year incarceration.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To the extent that Plaintiff seeks to have his 2005 convictions overturned, his claim is not properly before the Court in this proceeding. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the

extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

In addition, to the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim

for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief).

Plaintiff's allegations clearly call into question the validity of his conviction. Therefore, his action is barred under *Heck* until his criminal conviction has been invalidated. A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *See Hunt v. Michigan*, 482 F. App'x 20, 22 (6th Cir. 2012) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (same).

Even if Plaintiff's claims were not barred by *Heck*, his complaint would be subject to dismissal, because his claims are barred by the statute of limitations. State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* Mich. Comp. Laws § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.[2]

---

[2] 28 U.S.C. § 1658 created a "catch-all" limitations period of four years for civil actions arising under federal statutes enacted after December 1, 1990. The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 28 U.S.C. §1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute. *Id.* at 382.

Plaintiff asserts claims arising between 2000 and 2005. Plaintiff had reason to know of the "harms" done to him at the time they occurred. Hence, his claims accrued not later than the date of his conviction, April 22, 2005. However, he did not file his complaint until October 30, 2018, many years past Michigan's three-year limit. Moreover, Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated. *See* Mich. Comp. Laws § 600.5851(9). Further, it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *see also Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, at *2 (6th Cir. June 17, 2002).

For these reasons, Plaintiff fails to state a claim on which relief can be granted. The Court therefore need not address additional reasons for dismissal of the claims, including judicial and quasi-judicial immunity and the complete absence of allegations against four Defendants.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered. The Clerk shall mail the opinion and judgment to Plaintiff at the address shown on OTIS.

Dated: February 13, 2019                              /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE